IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 25-cv-01035

LEON D. BLACK,

        Petitioner,

v.

RICHARD EMERSON,

        Respondent.

### PETITIONER LEON D. BLACK'S UNOPPOSED MOTION TO RESTRICT

      Petitioner Leon D. Black respectfully moves this Court for an order restricting public access under Level 1 to his Petition to Compel Compliance with Arbitral Subpoena and exhibit thereto, ECF Nos. 1, 1-1; Respondent Richard Emerson's Memorandum of Law in Opposition to Petition to Compel Compliance with Arbitral Subpoena and the exhibits thereto, ECF Nos. 11, 11-1, 11-2, 11-3, 11-4, 11-5, 11-6, 11-7, 11-8, 11-9, 11-10;[1] Mr. Black's Reply in Support of his Petition to Compel Compliance with Arbitral Subpoena, ECF No. 15; and Mr. Emerson's May 15, 2025 Letter and the exhibits thereto, ECF Nos. 16, 16-1, 16-2, 16-3. Each of these filings reveals confidential documents and information subject to a confidentiality order from Mr. Black's non-public arbitration with a nonparty to this proceeding, and so meets the standard set out in District of Colorado Local Civil Rule 7.2(c).

---

[1] Mr. Black moves to restrict ECF No.11 and its exhibits to the extent they are not already restricted by this Court's prior order. *See* ECF No. 13.

1

1.  This proceeding seeks to enforce a subpoena to Richard Emerson the arbitral panel issued in *Leon D. Black v. Joshua Harris*, JAMS Ref No. 5425000715 (the "Arbitration"). The Arbitration is a dispute over a contract subject to a mandatory confidentiality provision.[2] Discovery in the Arbitration is, as required by contract, *see* AAP § 6.9(a)(iv), subject to a confidentiality order, which restricts the use of confidential or proprietary documents or information produced by any party or nonparty, including Mr. Emerson. Mr. Black, as a party to the Arbitration, is subject to the jurisdiction of the arbitral panel, which has further ordered Mr. Black to use reasonable efforts to file all confidential information under seal.

2.  Although there is a "common-law right of access to judicial records," that right is "not absolute" and "can be rebutted if countervailing interests heavily outweigh the public interests in access." *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007). Pre-existing orders restricting the disclosure of confidential information weigh against the right of public access. *See*, *e.g.*, *AST Sports Sci., Inc. v. CLF Distrib. Ltd.*, 514 F.3d 1054, 1057 n.1 (10th Cir. 2008) (granting motion to seal brief given district court's "stipulation and protective order"). The threat of "harm" to the "interests of third parties" likewise counsels against disclosure. *Eagle View Techs., Inc. v. Nearmap US, Inc.*, 2023 WL 3933637, at *2 & n.19 (D. Utah June 9, 2023) (quoting *Hershey v. ExxonMobil Oil Corp.*, 550 F. App'x 566, 574 (10th Cir. 2013) (per curiam) (unpublished)). In certain circumstances, enforcing "privacy interests" may even "be in the public interest," *M.M. v. Zavaras*, 939 F. Supp. 799, 801-02 (D. Colo. 1996)—as is the case with "arbitral confidentiality provisions," which the Federal Arbitration Act ("FAA") recognizes

---

[2] *See* Agreement Among Principals ("AAP") § 6.9(c) (July 13, 2007) ("all claims, defenses and proceedings . . . shall be treated in a confidential manner"), https://www.sec.gov/Archives/edgar/data/1411494/000119312508174812/dex109.htm.

a "strong policy in favor of enforcing," *In re IBM Arb. Agreement Litig.*, 76 F.4th 74, 81 (2d Cir. 2023).

3. Applying a Level 1 restriction to the filings in this case that reveal substantive information from the Arbitration, *see supra* p. 1 (ECF Nos. 1, 1-1, 11, 11-1, 11-2, 11-3, 11-4, 11-5, 11-6, 11-7, 11-8, 11-9, 11-10, 15, 16, 16-1, 16-2, 16-3), is necessary to protect the prior orders of the arbitral panel and the privacy interests of nonparties to this proceeding. Disclosure of those papers would result in injury to Mr. Harris and Mr. Black, as it would undermine their bargained-for contractual right to a confidential proceeding. Disclosure would also undermine the "strong policy," expressed through the FAA, of protecting arbitral confidentiality. The public interest in access to the specific documents identified is minimal – the bulk of the parties' briefing in this case will refer to events and disputes from the Arbitration, which is and will remain confidential.

4. Redaction is not a practicable alternative. Because this enforcement action addresses only the narrow issue of whether Mr. Emerson has complied in full with a third-party subpoena issued in the Arbitration, redaction of information deemed confidential by the Arbitration would effectively swallow the entirety of the parties' briefing.

5. For these reasons, Mr. Black submits – as he is required to do by order of the arbitrators in the underlying proceeding – that the requirements of District of Colorado Local Civil Rule 7.2(c) are met and a Level 1 restriction is appropriate for ECF Nos. 1, 1-1, 11, 11-1, 11-2, 11-3, 11-4, 11-5, 11-6, 11-7, 11-8, 11-9, 11-10, 15, 16, 16-1, 16-2, and 16-3.

6. Counsel for Mr. Black has conferred with counsel for Mr. Emerson about this motion in compliance with District of Colorado Local Civil Rule 7.1(a). Mr. Emerson does not oppose this motion.

Dated:  May 30, 2025                                              Respectfully submitted,


                                                       */s/ Reid M. Figel*
                                                       Reid M. Figel
Robert C. Klipper
KELLOGG, HANSEN, TODD, FIGEL &
   FREDERICK, P.L.L.C.
1615 M Street, NW, Suite 400
Washington, D.C. 20036
(202) 326-7900
rfigel@kellogghansen.com
rklipper@kellogghansen.com

*Counsel for Leon D. Black*