# UNITED STATES DISTRICT COURT
# DISTRICT OF COLORADO

LEON D. BLACK,

        Petitioner,

v.

RICHARD EMERSON,

        Respondent.

Case No. 1:25-cv-1035

**RESPONDENT RICHARD EMERSON'S RENEWED MOTION TO RESTRICT**

Pursuant to the Court's order of May 23, 2025 (ECF No. 20) and District of Colorado Local Civil Rule 7.2(c), Respondent Richard Emerson hereby moves the Court for an order granting his Motion to Restrict under access Level 1 the following documents that are currently filed under seal in this proceeding: Exhibits A, C, E, F, G, H, and I to Respondent's Memorandum of Law in Opposition to Petition to Compel Compliance with Arbitral Subpoena (ECF Nos. 11-2, 11-4, 11-6, 11-7, 11-8, 11-9, 11-10); and Exhibits B and C to Respondent's Letter to Judge Neureiter, dated May 15, 2025 (ECF Nos. 16-2, 16-3) (collectively, the "<u>Restricted Materials</u>").[1]

## PRELIMINARY STATEMENT

This case concerns a routine arbitration discovery dispute involving a subpoena to Richard Emerson, a non-party to a confidential arbitration in New York entitled *Leon D. Black v. Joshua Harris*, JAMS Ref. No. 5425000715 (the "<u>Arbitration</u>"). Petitioner Leon Black tactically decided to file this Petition (ECF No. 1) in federal court—despite clear law requiring discovery disputes to be decided by the arbitrators, and not the court—as part of his campaign to harass his former Apollo partner, Joshua Harris, and individuals Mr. Harris has associated with such as Mr. Emerson, who Mr. Harris nominated to the Apollo board. Mr. Emerson fully complied with his obligations under the subpoena, and Mr. Black has no basis to say otherwise. Instead, Mr. Black decided to file this Petition, while refusing to engage with Mr. Emerson on any discussions concerning any purported deficiencies in his response to the subpoena (because there are none).

As this Court may be aware, Mr. Black was the former CEO and Chairman of Apollo who stepped down from those roles amid the finding that he paid $158 million to sexual predator Jeffrey Epstein as well as public accusations of sexual abuse by a woman with whom he had an affair.

---

[1] Mr. Emerson understands that Mr. Black consents to sealing ECF Nos. 11-2, 11-8, 11-9, 11-10, 16-2, and 16-3, but seeks to seal in full (rather than redact) ECF Nos. 11-4, 11-6, and 11-7.

Mr. Black first filed a lawsuit in federal court against Mr. Harris with many of the same allegations as in the Arbitration, including unfounded allegations that Mr. Emerson conspired with Mr. Harris against Mr. Black. The U.S. District Court for the Southern District of New York dismissed Mr. Black's complaint at the pleading stage as "more creative writing than factual averment," *see Black v. Ganieva*, 619 F. Supp. 3d 309, 335 (S.D.N.Y. 2022), and Mr. Black has now recycled those same allegations in the Arbitration.

Given Mr. Black's facially improper use of a motion to compel compliance with a subpoena issued as part of an arbitration that is confidential, Mr. Emerson has a significant privacy interest and asks the Court to redact certain of the Restricted Materials on that basis. Mr. Emerson similarly asks the Court to seal certain of the other Restricted Materials that are confidential submissions to the arbitration Panel and that contain references to other non-parties to the Arbitration or that include content that is not relevant to the issues before the Court in this Petition. Consistent with the Court's guidance in its recent order on restricted access, Mr. Emerson seeks only targeted sealing and redactions and does not seek to seal the Petition, underlying subpoena, or briefs and letters submitted in this action.

The Court should grant Mr. Emerson's renewed motion to restrict.

**PROCEDURAL HISTORY**

Concurrent with the Petition, Mr. Black moved to seal the entire action given that the underlying subpoena to Mr. Emerson was issued by arbitrators in a confidential arbitration, which is subject to restrictions that prevent public disclosure of information from that arbitration. (ECF No. 2). On April 22, 2025, Mr. Emerson filed his opposition to the Petition (ECF No. 11) with supporting exhibits and, given Mr. Black's request to seal the entire action, also filed a motion to restrict access to these documents (ECF No. 12). The Court granted Mr. Emerson's motion to restrict "for good cause shown" until further order of the Court. (ECF No. 13.) Mr. Black filed

3

his reply under seal (ECF No. 15), and Mr. Emerson subsequently filed under seal a letter with exhibits updating the Court that he completed production of text messages responsive to the subpoena (ECF No. 16). The Petition has been fully briefed and is pending before the Court.

On May 22, 2025, the Court held a status conference and issued an order addressing the sealing restriction of the case:

> If Petitioner seeks to maintain this matter as confidential or restricted, Petitioner shall file a renewed motion to restrict by Friday, May 30, 2025, which shall be listed on the Court's website and available for inspection by the public so that an objection may be raised to the proposed restriction.

(ECF No. 20). Consistent with the Court's order and District of Colorado Local Rule 7.2, Mr. Emerson now files this renewed Motion to Restrict the Restricted Materials identified in the Appendix below.

## ARGUMENT

"[A] court, in its discretion, may seal documents if the public's right of access is outweighed by competing interests." *United States v. Hickey*, 767 F.2d 705, 708 (10th Cir. 1985) (internal quotations omitted). This Court is entitled to seal proceedings upon a showing of "some significant interest that outweighs the presumption" of public access. *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007). Here, several significant interests exist that warrant restricting access to the Restricted Materials, which reflect personal information about Mr. Emerson, submissions to the arbitration Panel disclosing confidential information about the underlying arbitration, and information about other non-parties to the Arbitration. Other than the Restricted Materials identified in the Appendix, Mr. Emerson does not seek to restrict access to any of the other

documents previously filed under seal in this proceeding, including the Petition, underlying subpoena, or briefs and letters submitted in this action.[2]

Several significant interests outweigh the public's right to access the Restricted Materials. First, courts have recognized that a pre-existing order restricting the disclosure of confidential information is a significant interest outweighing the presumption of public access. *See*, *e.g.*, *AST Sports Sci., Inc. v. CLF Distrib. Ltd.*, 514 F.3d 1054, 1057 n.1 (10th Cir. 2008) (granting motion to seal brief given district court's "stipulation and protective order"). Moreover, courts have found that the Federal Arbitration Act's "strong policy protecting the confidentiality of arbitral proceedings" requires that confidential materials submitted to the arbitration Panel are entitled to restriction. *Stafford v. Int'l Bus. Machines Corp.*, 78 F.4th 62, 69 (2d Cir. 2023).

Here, the contractual provision giving rise to the JAMS Arbitration proceeding requires confidential arbitration,[3] and a stipulated confidentiality order has been entered in the Arbitration, which restricts the use of confidential or proprietary documents or information produced by any party or nonparty, such as Mr. Emerson. *See* ECF No. 2, at 2. The Arbitration's confidentiality order applies to: "(i) discovery requests and responses; (ii) information disclosed about the subject matter of the dispute; and (iii) all documents and filings produced, given, or exchanged in connection with the Arbitration." *Id*. The Restricted Materials are encompassed within these

---

[2] As noted, the Court previously granted Mr. Emerson's request to seal his opposition to the Petition and the exhibits attached thereto for "good cause shown" (ECF No. 13), and many of those documents overlap with the Restricted Materials (*see* ECF Nos. 11-2, 11-4, 11-6, 11-7, 11-8, 11-9, 11-10). Although the Court previously agreed to restrict access to those documents, Mr. Emerson renews his motion following the Court's May 23, 2025 order.

[3] Agreement Among Principals § 6.9(c), (Jul. 13, 2007), https://www.sec.gov/Archives/edgar/data/1411494/000119312508174812/dex109.htm.

categories: they reveal confidential details about the subject matter of the dispute and reflect filings produced to the arbitration Panel.[4]

Second, courts within the Tenth Circuit "historically [have] protected the confidential information of nonparties produced in discovery by limiting the use and disclosure of the information to the lawsuit in which it is produced." *See, e.g.*, *Eagle Springs Organic LLC v. Aes Clean Energy Dev., LLC*, No. 24-cv-02770-DD-KAS, 2025 WL 1220366, at *2 (D. Colo. Apr. 15, 2025) (quoting *Brave Law Firm, LLC v. Truck Accident Lawyers Grp., Inc.*, No. 17-1156-EFM, 2019 WL 3740594, at *8 (D. Kan. Aug. 8, 2019). Here, the Restricted Materials include confidential information of non-parties to the Arbitration and to this Petition.

Finally, courts have recognized that the public interest in access to judicial records is greatly diminished when the substance of the information is not relevant to the court's ability to resolve the issues before it. *See, e.g.*, *Sports Rehab Consulting LLC v. Vail Clinic, Inc.*, No. 1:19-cv-02075-WJM-SBP, 2024 WL 2864169, at *3 (D. Colo. May 9, 2024) (granting motion to restrict exhibits of an agreement, where "the contents of that agreement appear[ed] to be entirely irrelevant to the issues raised" by the motion before the court); *RCHFU, LLC v. Marriott Vacations Worldwide Corp.*, No. 16-cv-01301-PAB-GPG, 2020 WL 11126893, at *2 (D. Colo. Sept. 30, 2020) ("Because these documents are irrelevant in resolving the issues before the Court, restriction from public access is appropriate."). While the *existence* of filings in the Arbitration may be relevant to the Court's inquiry, their "*contents* . . . [are] entirely irrelevant to the issues raised" in

---

[4] In contrast to the Restricted Materials, Mr. Emerson does not seek to restrict access to the Petition or the attachments thereto (ECF Nos. 1 through 1-2), Mr. Emerson's Memorandum of Law in Opposition to the Petition and declaration filed in support (ECF Nos. 11, 11-1), Mr. Black's Reply Memorandum of Law (ECF No. 15), or Mr. Emerson's letter to the Court and certain accompanying exhibits. (ECF Nos 16, 16-1.) Nor does Mr. Emerson seek to restrict an exhibit reflecting a Panel order in the Arbitration (*see* ECF No. 11-5), which was recently unsealed in proceedings in New York state court concerning the same Arbitration. *See* Dkt. 29, *Black v. Rubenstein*, No. 651685/2025 (N.Y. Sup. Ct.).

the Petition. *Sports Rehab Consulting LLC*, 2024 WL 2864169, at *3 (emphasis added); *see also Deherrera v. Decker Truck Line, Inc.*, 820 F.3d 1147, 1162 n.8 (10th Cir. 2016) (granting motion to seal documents that were "unnecessary to the determination of the parties' substantive rights"). Thus, the public's interest in access to such Restricted Materials is weak.

As demonstrated in the Appendix below and in compliance with Local Civil Rule 7.2(c), Mr. Emerson requests that the Court seal in full certain of the Restricted Materials and apply limited redactions to other Restricted Materials. Specifically, Mr. Emerson seeks to seal confidential submissions to the arbitration Panel, including information about other non-parties to the Arbitration and non-parties to this Petition. Mr. Emerson also seeks limited redactions to correspondences between counsel regarding Mr. Emerson's subpoena, with the redactions applied only to hyperlinks used to transmit discovery materials and personal information related to Mr. Emerson.

For the foregoing reasons, Mr. Emerson respectfully requests that the Court grant his renewed Motion to Restrict the Restricted Materials identified in the Appendix below pursuant to Local Civil Rule 7.2(c).

Dated:  New York, New York
        May 30, 2025

ELSBERG BAKER & MARURI PLLC

By:  */s/ David Elsberg*
     _____

David Elsberg
Vivek Tata
Michael Duke
Elsberg Baker & Maruri PLLC
1 Penn Plaza
New York, NY 10119
212.597-2600

*Attorneys for Respondent Richard Emerson*

# APPENDIX

| ECF No. | Description | Proposed Restriction | Interests to be Protected | No Alternative Would Avoid Harm |
|---|---|---|---|---|
| 11-2 | Respondent's Ex. A – Letter dated February 28, 2025 from Joshua Harris's counsel to the arbitration Panel | **Seal in Entirety** (Restriction Level 1) | The entirety of this document reflects confidential material submitted to the arbitration Panel by a party to the Arbitration. It also makes multiple references to the identities of several non-parties to the Arbitration and to this Petition, none of whom are relevant to the resolution of this Petition. | No alternative to sealing would avoid revealing previously undisclosed confidential information about the details of the Arbitration and other third-party subpoena recipients in the Arbitration. |
| 11-4 | Respondent's Ex. C – Letter dated March 13, 2025, from Respondent's counsel to Petitioner's counsel | **Redact** (Restriction Level 1 for Unredacted Version) | The proposed redaction is to a file-share hyperlink used to transmit confidential arbitration material, the revelation of which would invite unnecessary privacy and security concerns. | No alternative to redaction would avoid revealing a private hyperlink used to transmit confidential discovery materials produced in the Arbitration. |
| 11-6 | Respondent's Ex. E – Email chain, dated April 1 through April 16, 2025, between Petitioner's counsel and Respondent's counsel | **Redact** (Restriction Level 1 for Unredacted Version) | The vast majority of this document reflects attorney correspondence concerning the at-issue subpoena, which Mr. Emerson does not seek to restrict. The limited proposed redactions are to portions of the correspondences implicating privacy interests over certain of Mr. Emerson's personal information that is unnecessary for the Court to resolve the Petition. | No alternative to the limited proposed redactions would avoid revealing Mr. Emerson's personal information. |
| 11-7 | Respondent's Ex. F – Letter dated April 8, 2025, from Respondent's counsel to Petitioner's counsel | **Redact** (Restriction Level 1 for Unredacted Version) | The proposed redaction is to a file share hyperlink used to transmit confidential arbitration material, the revelation of which would invite unnecessary privacy and security concerns. | No alternative to redaction would avoid revealing a private hyperlink used to transmit confidential discovery materials produced in the Arbitration. |
| 11-8 | Respondent's Ex. G – Letter dated April 15, 2025, from Petitioner's counsel to the arbitration Panel | **Seal in Entirety** (Restriction Level 1) | The entirety of this document reflects confidential material submitted to the arbitration Panel by a party to the Arbitration, including details of arguments raised to the arbitration Panel. It also makes multiple references to the identities and discovery obligations of several non-parties | No alternative to sealing would avoid revealing previously undisclosed confidential information about the details of the Arbitration and other third-party subpoena recipients in the Arbitration. |

| | | | to the Arbitration and to this Petition, none of whom are relevant to the resolution of this Petition. | |
|---|---|---|---|---|
| 11-9 | Respondent's Ex. H – Letter dated April 17, 2025, from Respondent's counsel to the arbitration Panel | **Seal in Entirety** (Restriction Level 1) | The entirety of this document reflects confidential material submitted to the arbitration Panel by a party to the Arbitration, including details of arguments raised to the arbitration Panel. It also includes confidential documents and information of several non-parties to the Arbitration and to this Petition, none of whom are relevant to the resolution of this Petition. | No alternative to sealing would avoid revealing previously undisclosed confidential information about the details of the Arbitration and other third-party subpoena recipients in the Arbitration. |
| 11-10 | Respondent's Ex. I – Letter dated April 22, 2025, from Respondent's counsel to the arbitration Panel | **Seal in Entirety** (Restriction Level 1) | The entirety of this document reflects confidential material submitted to the arbitration Panel by a party to the Arbitration, including details of arguments raised to the arbitration Panel. It also includes references to the identities and confidential information of several non-parties to the Arbitration and to this Petition, none of whom are relevant to the resolution of this Petition. | No alternative to sealing would avoid revealing previously undisclosed confidential information about the details of the Arbitration and other third-party subpoena recipients in the Arbitration. |
| 16-2 | Respondent's Ex. B – Letter dated May 1, 2025, from Respondent's counsel to the arbitration Panel | **Seal in Entirety** (Restriction Level 1) | The entirety of this document reflects confidential material submitted to the arbitration Panel by a party to the Arbitration, including details of arguments raised to the arbitration Panel. It also includes references to the identities and confidential information of several non-parties to the Arbitration and to this Petition, none of whom are relevant to the resolution of this Petition. | No alternative to sealing would avoid revealing previously undisclosed confidential information about the details of the Arbitration and other third-party subpoena recipients in the Arbitration. |
| 16-3 | Respondent's Ex. C – Letter dated April 29, 2025, from Petitioner's counsel to the arbitration Panel | **Seal in Entirety** (Restriction Level 1) | The entirety of this document reflects confidential material submitted to the arbitration Panel by a party to the Arbitration, including details of arguments raised to the arbitration Panel. It also includes references to the identities and confidential | No alternative to sealing would avoid revealing previously undisclosed confidential information about the details of the Arbitration and other third-party subpoena recipients in the Arbitration. |

| | | | information of several non-parties to the Arbitration and to this Petition. It also includes references to personal information of Mr. Emerson's family members, which are not relevant to the resolution of this Petition. | |